# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kliesh, :
             Appellant :
              :
           v. : No. 1877 C.D. 2016
              : Submitted: March 31, 2017
Borough of Morrisville, Robert :
Seward, Morrisville Borough :
School District :

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                     **FILED:  July 28, 2017**

John Kliesh, proceeding pro se, appeals from the October 21, 2016 orders of the Bucks County Court of Common Pleas (common pleas), which sustained the Borough of Morrisville (Borough), Robert Seward, a Borough official, and the Morrisville Borough School District's (School District) Preliminary Objections (POs) to the Complaint filed by Kliesh.[1]  On appeal, Kliesh argues that common pleas erred because:  (1) there were no orders filed based on the merits of the case; (2) the orders were filed in violation of the Pennsylvania Code of Judicial Conduct;

---

[1] Common pleas entered two orders:  one sustaining Borough and Seward's Preliminary Objections (POs), and the other sustaining School District's POs.  Kliesh attached only the order sustaining the Borough and Seward's POs to his Notice of Appeal and brief.  Kliesh claims that he did not receive the second order sustaining School District's POs, and for that reason was unable to attach it to his Notice of Appeal.  (Kliesh's Br. at 28.)  Because the order sustaining School District's POs was not attached to his Notice of Appeal, School District argues that Kliesh's appeal of that order was therefore untimely.  Whether Kliesh received both orders is a factual matter.  Because common pleas addressed both orders in its opinion, the orders and POs are the same, Kliesh's arguments relate to both orders, and our analysis of both orders is the same, we, like common pleas, will address both orders.

and (3) Kliesh is being stalked by the common pleas judge. Discerning no error, we affirm.

Kliesh is the record owner of property located at 22 Delaware Avenue in Morrisville Borough, Bucks County, Pennsylvania (Property), which he asserts has been vacant since 2008 and is in need of major repairs. By letter dated April 22, 2016, Kliesh was notified that School District had filed a tax claim and placed a lien on the Property for his failure to pay $2,040.31 in real estate taxes to the School District for the year 2015. (C.R. at 1.)

This case was initiated when Kliesh filed a Complaint in common pleas on June 21, 2016. Like common pleas, we also are constrained to agree "that it is difficult to comprehend and ascertain Mr. Kliesh's precise claims," and will quote the synopsis used by common pleas: "the Borough and the [School] District committed tax fraud by violating the Pennsylvania Local Tax Collection Law[2]" (Count I); "the Borough violated the protections afforded to Mr. Kliesh under the [Fourteenth] Amendment to the United States Constitution by ignoring his Right[-]to[-]Know requests" (Count II); "the Borough committed fraud by attempting to collect by someone other than the tax collector, a tax for refuse collection" (Count III); "the Borough deprived Mr. Kliesh's right[s] under 42 U.S.C. [§] 1983 and committed fraud by hiring a Building Inspector not certified by the Pennsylvania [Uniform Construction Code] Board" (Count IV); "the [School] District committed fraud by violating the Federal Debt Collection Act[3]" (Count V); and "the Borough and the [School] District are fraudulently attempting to sell Mr. Kliesh's property in order to satisfy unpaid taxes" (Count VI). (Common Pleas' Op. (Op.) at 2.)

---

[2] Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §§ 5511.1-5511.42.
[3] Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

2

Kliesh sought restitution in the amount of $2,000,000. (C.R. at 1.) The above averments in the Complaint are based on School District's attempts to collect the unpaid real estate taxes on Kliesh's Property. Kliesh claims that the Borough, Seward, and School District have fraudulently imposed and attempted to collect the unpaid real estate taxes on his Property, which he asserts is exempt from taxation because it is unoccupied and uninhabitable.

The Borough and Seward filed POs to the Complaint, asserting, in relevant part, that real property is not exempt from taxation merely because it is unoccupied. School District separately filed POs asserting, *inter alia*, that it is immune from Kliesh's underlying tax fraud claims pursuant to what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8542. Both the Borough and Seward and School District filed briefs in support of their POs. Kliesh then filed two replies in objection to each of the briefs. By two orders dated October 21, 2016, common pleas sustained the Borough, Seward, and School District's POs and dismissed the Complaint with prejudice. (C.R. at 13-14.)

Kliesh filed a 60-page motion for reconsideration, asserting that the common pleas judge fraudulently filed the order sustaining the Borough and Seward's POs in violation of the Code of Judicial Conduct and has been "stalking" Kliesh. (C.R. at 15.) School District filed a response in opposition to the motion. The next day, before common pleas had ruled on the motion for reconsideration, Kliesh filed his appeal to this Court, and common pleas[4] ordered him to file a concise statement of errors complained of on appeal (1925(b) Statement), pursuant to Rule 1925(b) of

---

[4] The Pa. R.A.P. 1925(b) Order was signed by a different common pleas judge due to the authoring common pleas judge's absence from the bench on that date. (Op. at 3 n.2.)

3

the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b),[5] which he timely filed on December 2, 2016.

Common pleas issued an opinion,[6] in which it explained that Kliesh "failed to raise or articulate any meritorious issues on appeal." (Op. at 3.) Specifically, common pleas stated that Kliesh's "1925(b) statement does not include any substantive or procedural allegations that the trial court erred as to [its] orders of October 21, 2016." (*Id.*) In addition, common pleas found that Kliesh's eight-page 1925(b) Statement was akin to a "rant against the undersigned, described by [Kliesh] as documentary evidence of this Court's alleged intent to harass and harm him." (*Id.*) For these reasons, common pleas determined that all of Kliesh's issues on appeal should be deemed waived and that the appeal should be denied.

Common pleas then provided a brief explanation of its reasons for sustaining the POs. Common pleas determined that School District's POs were properly sustained because it is immune from all tort liability under the Tort Claims Act. (*Id.* at 4.) Regarding the Borough and Seward's POs, common pleas found that Counts I, V, and VI were properly sustained because, as a matter of law,

---

[5] Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part, as follows:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

[6] The opinion was filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a).

unoccupied real property is not exempt from taxation. Common pleas also found that the POs regarding Kliesh's constitutional claims in Counts II and IV were properly sustained because Kliesh failed to allege any facts that would support a Section 1983 civil rights claim, and he also failed to exhaust the appeal procedures regarding a Right-to-Know request. Regarding Count III, common pleas determined that claim was barred by the doctrine of res judicata, which precludes re-litigation of issues already adjudicated in a prior case, because Kliesh raised those issues in a 2012 case. Lastly, common pleas determined that Count IV was properly sustained because the Pennsylvania Construction Code Act[7] does not provide a private cause of action, and Kliesh also failed to exhaust the appeal procedures under that law. (*Id.* at 4-5.) Common pleas again concluded that Kliesh "fail[ed] to preserve any meritorious issues on appeal." (*Id.* at 3, 5.) This appeal followed.[8]

On appeal, Kliesh argues that there were no legal orders filed by common pleas based on the merits of the case; the common pleas judge filed the orders in violation of the Judicial Conduct Rules; and the common pleas judge has been stalking him. The Borough, Seward, and School District contend that Kliesh waived all issues on appeal, and even if meritorious issues were raised, relief is not warranted.

We initially address whether Kliesh waived all issues on appeal, as asserted by the Borough, Seward, and School District. In doing so, we note that we have

---

[7] Act of Nov. 10, 1999, P.L. 491, *as amended*, 35 P.S. §§ 7210.101-7210.1103.

[8] Our "review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to a determination of whether that court abused its discretion or committed an error of law." *Shields v. Council of Borough of Braddock*, 111 A.3d 1265, 1268 n.4 (Pa. Cmwlth. 2015) (citation omitted).

carefully read Kliesh's brief and his reply brief, which are not easily understood. We have also reviewed the Borough and Seward's brief, as well as School District's brief, and we have thoroughly reviewed the record in this case. Our independent review of the record reveals that Kliesh raised issues regarding the legality of both the taxes on the Property and the orders filed by common pleas, violations of the Code of Judicial Conduct, and stalking in his motion for reconsideration, which would have been his first opportunity to raise such issues before common pleas after its issuance of the October 21, 2016 orders. However, his 1925(b) Statement does not raise any issue regarding the legality of the taxes on the Property, focusing only on the three issues he has raised in this Court (no legal orders were filed by common pleas; common pleas filed the orders in violation of the Code of Judicial Conduct; and, the common pleas judge has been "stalking" him). We will address these issues.

The first two issues can be addressed together. Kliesh first argues that "[t]here has been no legal order filed based on the merits of the case." (Kliesh's Br. at 26 (emphasis omitted).) Kliesh contends that the common pleas judge had no personal jurisdiction over him and that the judge has not followed the rules of court, or various provisions of the Constitution, asserting various errors regarding docketing, mailing, the assignment of cases, motions being decided by different judges, and the entry of the orders without an opinion. Second, Kliesh alleges that the orders were filed in violation of Rule 2.7 of the Code of Judicial Conduct, which provides that "[a] judge shall hear and decide matters assigned to the judge, except where the judge has recused himself or herself or when disqualification is required . . . ." (Kliesh's Br. at 31-32.)

The errors Kliesh has described regarding, *inter alia*, common pleas' issuance of the two orders are not supported by the law. For example, Kliesh contends that filing the orders without opinion "is [p]roof that [the common pleas judge] has NO [l]egal [s]upport for his actions." (Kliesh's Br. at 27). However, Judges routinely enter orders without opinions; there would be little need for Rule 1925 of the Pennsylvania Rules of Appellate Procedure, otherwise. Kliesh also makes a number of factual allegations for which there is no support in the record. It is clear that, as common pleas emphasized in its opinion, Kliesh fundamentally misunderstands the way our court system operates. In this regard, we note that it is not uncommon for different motions in a case to be heard and decided by different judges, especially due to the volume of work of the courts or even a judge's unavailability at the time a motion is received, and that dockets typically do not include the internal assignment, or reassignment, of motions or objections to judges. Here, Kliesh relies upon the common pleas docket as support for his allegations that the common pleas judge did something improper to receive the assignment; however, all the docket indicates is that this case was assigned to the common pleas judge for disposition on July 28, 2016. As a result, the case file was transferred to that judge, and he rendered a decision. Although the procedure in this case may not have been what Kliesh anticipated, it is not constitutionally infirm. Common pleas thus did not err procedurally in its issuance of the two orders in this case, nor did the judge err by deciding the case to which he was assigned.

Lastly, Kliesh alleges that the common pleas judge is biased against him and is "stalking" him. It appears that he bases these allegations on the common pleas judge's assignment to a previous case involving Kliesh and believes that the judge

7

was required to recuse himself in this case as a result. However, just because a judge has heard a previous case involving a certain litigant does not preclude him from hearing future cases involving the same litigant. All judges take the same oath of office and are selected by the voters of this Commonwealth to hear the cases that have come before them in an impartial manner no matter the particular litigants involved. Moreover, the fact that Kliesh disagrees with the common pleas judge's decision in a previous case, as well as in this case, does not establish bias, nor does it support Kliesh's stalking allegations.[9]

Therefore, because there is no support in the record for any of Kliesh's allegations on appeal, we conclude that common pleas did not err or abuse its discretion in sustaining the Borough, Seward, and School District's POs.

Accordingly, the orders of common pleas are affirmed.

---

[9] The genesis of this action seems to have been Kliesh's belief that the Property was unlawfully taxed with harmful consequences. However, aside from passing references, he does not raise the taxation of the Property as an issue on appeal. Kliesh has not cited any legal authority for the proposition that uninhabitable property is exempt from taxation, nor that the taxation of real property is dependent on whether such property is "occupied," and we are not aware of any.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kliesh,                           :
                    Appellant         :
                                       :
            v.                         :    No. 1877 C.D. 2016
                                       :    Submitted:  March 31, 2017
Borough of Morrisville, Robert         :
Seward, Morrisville Borough            :
School District                        :

**PER CURIAM**                **O R D E R**

    **NOW**, July 28, 2017, the orders of the Bucks County Court of Common Pleas, entered in the above-captioned matter, are **AFFIRMED**.